David S. Bloch (SBN: 184530)
dbloch@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5840
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

Michael Brody (*Pro Hac Vice to be submitted*)
mbrody@winston.com
WINSTON & STRAWN LLP
275 Middlefield Rd., Suite 205
Menlo Park, CA 94025
Telephone:     (650) 858-6500
Facsimile:     (650) 858-6550

Krishnan Padmanabhan (*Pro Hac Vice to be submitted*)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

Joshua L. Collins (*Pro Hac Vice to be submitted*)
jlcollins@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone:     (713) 651-2600
Facsimile:     (713) 651-2700

Attorneys for Plaintiff
TIME WARNER CABLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIME WARNER CABLE INC., | Case No.  3:16-cv-02433 |
| Plaintiff, | |
| v. | **TIME WARNER CABLE INC.'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| OPENTV, INC., NAGRAVISION SA, and KUDELSKI SA, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Time Warner Cable Inc. ("TWC"), for its Complaint for Declaratory Judgment against Defendants OpenTV, Inc. ("OpenTV"), Nagravision SA ("Nagravision"), and Kudelski SA ("Kudelski") (each a "Defendant" and collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* TWC seeks a declaration of non-infringement for each of United States Patent Nos. 5,907,322 (the "'322 Patent"), 6,530,082 (the "'082 Patent"), 6,678,463 (the "'463 Patent"), 6,895,595 (the "'595 Patent") 6,985,586 (the "'586 Patent"), 7,055,169 (the "'169 Patent"), 7,243,139 (the "'139 Patent"), 7,536,704 (the "'704 Patent") and 7,669,212 (the "'212 Patent"). Taken together, the foregoing patents are referred to herein as the "Patents-in-Suit."

## THE PARTIES

2.     TWC is a company organized and existing under the laws of Delaware with its principal place of business at 60 Columbus Circle, New York, New York 10023.

3.     OpenTV is a corporation organized and existing under the laws of Delaware with its principal place of business at 275 Sacramento Street, San Francisco, California 94111. Upon information and belief, OpenTV is, directly or indirectly, a wholly owned subsidiary of Kudelski.

4.     Upon information and belief, Nagravision is a Swiss company with a principal place of business at Route de Genève 22, 1033 Cheseaux-sur-Lausanne, Switzerland. Upon information and belief, Nagravision is, directly or indirectly, a wholly owned subsidiary of Kudelski.

5.     Upon information and belief, Kudelski is a Swiss company with a principal place of business at Route de Genève 22, 1033 Cheseaux-sur-Lausanne, Switzerland.

## JURISDICTION AND VENUE

6.     This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on the existence of an actual controversy between TWC, on the one hand, and Defendants, on the other hand, for claims under the Patent Laws. In particular, there is an active case or controversy about whether or not

TWC infringes any claims of each of the Patents-in-Suit. The existence of this controversy is demonstrated by, for example, Defendants' meetings with representatives of TWC on January 8, 2016, March 22, 2016, and April 26, 2016, during which Defendants alleged infringement of each of the Patents-in-Suit in an attempt to force TWC to license its patent portfolio and threatened litigation if a license was not agreed upon. See Exhibit A (Jan. 14, 2016 correspondence); Exhibit B (Mar. 22, 2016 correspondence); Exhibit C (Apr. 12, 2016 correspondence). On information and belief, all of the Patents-in-Suit are owned by Kudelski subsidiary OpenTV, with the exception of the '586 Patent, which is owned by Kudelski subsidiary Nagravision.

7.      This Court has personal jurisdiction over Defendants pursuant to the laws of the State of California, including California's Long Arm Statute, California Code of Civil Procedure § 410.10.

8.      The Court also has personal jurisdiction over each of the Defendants because each of the Defendants have purposely conducted their patent enforcement activities in this District and towards residents of this District, and purposely submitted themselves to the jurisdiction of, or purposely availed themselves of, the Courts in this District. In particular, on information and belief, Defendants' enforcement efforts have included: (a) hiring counsel who reside and practice in this District (such as Ian Feinberg of Feinberg Day Alberti & Thompson LLP, with respect to the licensing negotiations between TWC and Defendants; Robert F. McCauley from Finnegan, Henderson, who is counsel for OpenTV, Nagravision, and another Kudelski subsidiary in *OpenTV, Inc.*, *Nagravision S.A.* and *Nagra France S.A.S. v. Apple, Inc.*, N.D. Cal. Case No. 3:15-cv-02008, as well as for OpenTV and Nagravision in *OpenTV, Inc. and Nagravision S.A. v. Apple, Inc.*, N.D. Cal Case No. 3:14-cv-01622; and John Edwards at Kirkland & Ellis, who was counsel of record for OpenTV in *OpenTV, Inc. v. Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01525, and for both OpenTV and another Kudelski subsidiary in *OpenTV, Inc. and Nagra France SAS v. Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01723) for the express purpose of enforcing their patent rights; (b) filing lawsuits and/or causing lawsuits to be filed in this District to enforce patent rights, including enforcement of the '169 Patent and '565 Patent asserted against TWC (*see, e.g., OpenTV, Inc. and Nagravison SA. v. Apple Inc.*, N.D. Cal. Case No. 3:14-cv-01622 and *OpenTV, Inc., Nagravision S.A. and Nagra France S.A.S. v Apple, Inc.*, N.D. Cal. Case No. 3:15-cv-02008); and (c) prosecuting (and/or causing

to be prosecuted) an action to enforce patents, including at least the '169 Patent asserted against TWC, against Netflix in a case that was originally filed in Delaware and then transferred to this District (*see OpenTV, Inc. v. Netflix Inc.*, N.D. Cal. Case No. 3:14-cv-01525).

9.      On information and belief, OpenTV employs more than 200 people in the United States. The Kudelski Group website identifies each of OpenTV's United States Offices as residing within this district. In addition, the Kudelski Group as a whole, including Nagravision, employs nearly 400 people within the United States. The Kudelski Group website identifies only four United States offices, of which three offices are in California and two are within this District.

10.     On information and belief, Defendants have engaged in licensing negotiations with numerous companies located in this District and have extended licenses to Cisco Systems, Inc., in January 2014, and Google Inc., in April 2015, both of which reside within this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because OpenTV resides in this District and is subject to the Court's personal jurisdiction. In addition, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Kudelski SA and Nagravision SA are foreign corporations that may be sued in any jurisdiction where the action may be brought with respect to OpenTV.

## THE PATENTS-IN-SUIT

**A.      U.S. Patent No. 5,907,322**

12.     The '322 Patent is entitled "Television event marking system." A copy of the '322 Patent is attached hereto as Exhibit D. The '322 Patent states on its face that it was issued to Gregory H. Kelly, Kenneth Y. Goldberg, John S. Gee, Philip D. Levinson, and Scott Fullam. The original assignee is listed as Catch TV Acquisition Corp. The U.S. Patent and Trademark Office lists OpenTV, Inc. as the current assignee.

13.     The application that issued as the '322 Patent was filed on October 16, 1996, and the United States Patent and Trademark Office issued the '322 Patent on May 25, 1999.

14.     Defendants have alleged that at least Claim 7 of the '322 Patent is infringed by TWC's Remote DVR Manager that purportedly provides an Internet (web) interface for viewing iconic representations of recorded content.

**B.     U.S. Patent No. 6,530,082**

15.     The '082 Patent is entitled "Configurable monitoring of program viewership and usage of interactive applications." A copy of the '082 Patent is attached hereto as Exhibit E. The '082 Patent states on its face that it was issued to Eric E. Del Sesto, Timothy V. Travaille, Christopher J. Michel, and Jana J. Paquette. The original Assignee is listed as Wink Communications, Inc. The U.S. Patent and Trademark Office lists OpenTV, Inc. as the current assignee.

16.     The application that issued as the '082 Patent was filed on April 30, 1998, and the United States Patent and Trademark Office issued the '082 Patent on March 4, 2003.

17.     Defendants have alleged that at least Claim 27 of the '082 Patent is infringed by selective polling of customer premises equipment used in association with TWC's purported audience panel measurement functionality.

**C.     U.S. Patent No. 6,678,463**

18.     The '463 Patent is entitled "System and method for incorporating previously broadcast content into program recording." A copy of the '463 Patent is attached hereto as Exhibit F. The '463 Patent states on its face that it was issued to Ludovic Pierre and Debra Hensgen. The original assignee is listed as OpenTV Corp. The U.S. Patent and Trademark Office lists OpenTV, Inc. as the current assignee.

19.     The application that issued as the '463 Patent was filed on August 2, 2000, and the United States Patent and Trademark Office issued the '463 Patent on January 13, 2004.

20.     Defendants have alleged that at least Claim 11 of the '463 Patent is infringed by TWC digital video recorder ("DVR") set-top boxes that, purportedly, upon receiving a request to record a program while already buffering that program, determine whether they have available space to store the recording.

**D.     U.S. Patent No. 6,895,595**

21.     The '595 Patent is entitled "Module manager for interactive television system." A copy of the '595 Patent is attached hereto as Exhibit G. The '595 Patent states on its face that it was issued to Andrew Goodman and Jean Rene Menand. The original assignee is listed as OpenTV, Inc.

22.     The application that issued as the '595 Patent was filed on June 7, 2002, and the United States Patent and Trademark Office issued the '595 Patent on May 17, 2005. The patent is a continuation of U.S. Patent No. 6,427,238, filed on May 29, 1998.

23.     Defendants have alleged that at least Claim 1 of the '595 Patent is infringed by TWC's Start Over functionality, purportedly allowing TWC customers to restart certain shows already in progress.

**E.      U.S. Patent No. 6,985,586**

24.     The '586 Patent is entitled "Distributed information and storage system." A copy of the '586 Patent is attached hereto as Exhibit H. The '586 Patent states on its face that it was issued to Michael John Hill. The original assignee is listed as Nagracard S.A. The U.S. Patent and Trademark Office lists Nagravision S.A. as the current assignee.

25.     The application that issued as the '586 Patent was filed on February 28, 2001, and the United States Patent and Trademark Office issued the '586 Patent on January 10, 2006.

26.     Defendants have alleged that at least Claim 1 of the '586 Patent is infringed by TWC's Whole House DVR, which purportedly allows TWC customers to record a program on one set-top box and watch it from another set-top box on the customer's home network.

**F.      U.S. Patent No. 7,055,169**

27.     The '169 Patent is entitled "Supporting common interactive television functionality through presentation engine syntax." A copy of the '169 Patent is attached hereto as Exhibit I. The '169 Patent states on its face that it was issued to Alain Delpuch, James Whitledge, Jean-Rene Menand, Emmanuel Barbier, Kevin Hausman, Debra Hensgen, and Dongmin Su. The original assignee is listed as OpenTV, Inc.

28.     The application that issued as the '169 Patent was filed on April 21, 2003, and the United States Patent and Trademark Office issued the '169 Patent on May 30, 2005. The application claims priority to Provisional Application No. 60/373,883, filed on April 19, 2002.

29.     Defendants have alleged that at least Claim 22 of the '169 Patent is infringed by TWC's On Demand functionality that purportedly identifies the need for software updates prior to displaying an On Demand program.

**G.      U.S. Patent No. 7,243,139**

30.      The '139 Patent is entitled "Enhanced video programming system and method for incorporating and displaying retrieved integrated Internet information segments." A copy of the '139 Patent is attached hereto as Exhibit J. The '139 Patent states on its face that it was issued to Craig Ullman, Jack D. Hidary, and Nova T. Spivack. The original assignee is listed as Open TV Corporation. The U.S. Patent and Trademark Office lists OpenTV, Inc. as the current assignee.

31.      The application that issued as the '139 Patent was filed on January 22, 2004, and the United States Patent and Trademark Office issued the '139 Patent on July 10, 2007. The '139 patent is a continuation of Application No. 08/613,144 (filed March 8, 1996) via several other interim continuation applications.

32.      Defendants have alleged that at least Claim 8 of the '139 Patent is infringed by TWC's purported advertisement insertion capability.

**H.      U.S. Patent No. 7,536,704**

33.      The '704 Patent is entitled "Method and apparatus automatic pause and resume of playback for a popup on interactive TV." A copy of the '704 Patent is attached hereto as Exhibit K. The '704 Patent states on its face that it was issued to Ludovic Pierre and Janice Mead. The original assignee is listed as OpenTV, Inc.

34.      The application that issued as the '704 Patent was filed on October 5, 2001, and the United States Patent and Trademark Office issued the '704 Patent on May 19, 2009.

35.      Defendants have alleged that at least Claim 1 of the '704 Patent is infringed by the PAUSE function on TWC DVR set-top boxes that purportedly pause playback of video content.

**I.      U.S. Patent No. 7,669,212**

36.      The '212 Patent is entitled "Service platform suite management system." A copy of the '212 Patent is attached hereto as Exhibit L. The '212 Patent states on its face that it was issued to Rachad Alao, Jose Henrard, Alain Delpuch, Vincent Dureau, Vahid Koussari-Amin, Adam Benson, Nicholas Fishwick, Waiman Lam, and Matthew Huntington. The original assignee is listed as OpenTV, Inc.

37.      The application that issued as the '212 Patent was filed on February 2, 2001, and the

1    United States Patent and Trademark Office issued the '212 Patent on February 23, 2010. The '212

2    Patent claims priority to Provisional Application Nos. 60/265,986 (filed February 2, 2001),

3    60/266,210 (filed February 2, 2001), 60/267,867 (filed February 9, 2001), 60/269,261 (filed

4    February 15, 2001), and 60/279,543 (filed March 28, 2001).

5          38.    Defendants have alleged that at least Claim 44 of the '212 Patent is infringed by

6    TWC's advertising systems that purportedly use customer specific information to show tailored

7    advertisements.

8                                        **COUNT ONE**

9                  **(Declaratory Judgment of Non-Infringement of the '322 Patent)**

10         39.    Paragraphs 1 through 38 are incorporated herein as set forth above.

11         40.    Upon information and belief, OpenTV is the current assignee of the '322 Patent.

12         41.    As set forth above, an actual and justiciable controversy exists between TWC and

13   Defendants regarding infringement of claims of the '322 Patent by the functionality incorporated in

14   TWC's Remote DVR Manager.

15         42.    The manufacture, use, offer for sale, sale, and/or importation of products and services

16   implementing or utilizing TWC's Remote DVR Manager does not infringe and has not infringed,

17   directly or indirectly, any claim of the '322 Patent, either literally or under the doctrine of

18   equivalents.

19         43.    For example, Claims 1 and 10 of the '322 Patent recites "detecting . . . channel data

20   from a channel register"; Claim 4 recites "event selection button coupled to a channel register to read

21   channel data . . . associated with each selected event"; Claim 7 recites "storing . . . channel data from

22   a channel register." TWC Remote DVR Manager does not infringe any claim of the '322 Patent at

23   least because it does not meet the "channel register" requirements of these limitations.

24         44.    TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale,

25   and/or importation of products and services implementing or utilizing TWC's Remote DVR

26   Manager does not and will not infringe any claim of the '322 Patent.

27                                        **COUNT TWO**

28                  **(Declaratory Judgment of Non-Infringement of the '082 Patent)**

TIME WARNER CABLE INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

45.     Paragraphs 1 through 44 are incorporated herein as set forth above.

46.     Upon information and belief, OpenTV is the current assignee of the '082 Patent.

47.     As set forth above, an actual and justiciable controversy exists between TWC and Defendants regarding infringement of claims of the '082 Patent by the functionality of TWC's purported audience panel measurement functionality.

48.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's purported audience panel measurement functionality does not infringe and has not infringed, directly or indirectly, any claim of the '082 Patent, either literally or under the doctrine of equivalents.

49.     For example, Claim 1 of the '082 Patent recites "executing the interactive application at each broadcast receiver to selectively determine which broadcast receivers will be included in the subset of broadcast receivers for selectively monitoring subscriber usage"; Claim 10 recites "executing the interactive application to determine a subset of the plurality of broadcast receivers for monitoring subscriber wage"; Claim 18 recites "executing the interactive application at each broadcast receiver to determine a subset of the plurality of broadcast receivers to generate responses"; Claim 26 recites "executing the interactive application at each broadcast receiver to determine a subset of the plurality of broadcast receivers for monitoring specified selected attributes"; Claims 27 and 28 recite "executing an interactive application to determine if the broadcast receiver is one of a subset of a plurality of broadcast receivers for monitoring specified selected attributes"; and Claim 29 recites "means for executing the interactive application to selectively determine if the broadcast receiver is one of a subset of a plurality of broadcast receivers for monitoring specified selected attributes." TWC purported audience panel measurement functionality does not infringe any claim of the '082 Patent at least because it does not meet the "executing [the/an] interactive application" to determine "which broadcast receivers," or "executing [the/an] interactive application" to determine "a subset of a plurality of broadcast receivers" limitations.

50.     TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's purported audience

panel measurement functionality does not and will not infringe any claim of the '082 Patent.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '463 Patent)

51.     Paragraphs 1 through 50 are incorporated herein as set forth above.

52.     Upon information and belief, OpenTV is the current assignee of the '463 Patent.

53.     As set forth above, an actual and justiciable controversy exists between TWC and Defendants regarding infringement of claims of the '463 Patent by TWC DVR set-top boxes that, purportedly, upon receiving a request to record a TV program while already buffering that TV program, determine whether they have available space to store the recording.

54.     The manufacture, use, offer for sale, sale, and/or importation of TWC DVR set-top boxes and digital television service does not infringe and has not infringed, directly or indirectly, any claim of the '463 Patent, either literally or under the doctrine of equivalents.

55.     Claims 1 and 11 of the '463 Patent recite "automatically determining whether sufficient space is available for storing the program, wherein said determining is based at least in part on data included in the broadcast which indicates a duration of said program"; and Claims 22 and 23 recite "automatically [determine/determining] whether sufficient space is available for storing the program, wherein said determining is based at least in part on data included in the broadcast which indicates a maximum bit rate of said program." TWC's DVR set-top boxes and digital television service do not infringe any claim of the '463 Patent at least because it does not meet the "determining is based at least in part on data included in the broadcast" portions of these limitations.

56.     TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation TWC DVR set-top boxes in conjunction with digital television service does not and will not infringe any claim of the '463 Patent.

## COUNT FOUR

### (Declaratory Judgment of Non-Infringement of the '595 Patent)

57.     Paragraphs 1 through 56 are incorporated herein as set forth above.

58.     Upon information and belief, OpenTV is the current assignee of the '595 Patent.

59.     As set forth above, an actual and justiciable controversy exists between TWC and Defendants regarding infringement of claims of the '595 Patent by the capability incorporated in the Start Over functionality included in TWC's digital television service, purportedly allowing the customer to restart certain shows already in progress.

60.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing the Start Over functionality included in TWC's digital television service, purportedly allowing the customer to restart certain shows already in progress, does not infringe and has not infringed, directly or indirectly, any claim of the '595 Patent, either literally or under the doctrine of equivalents.

61.     Claims 1, 6, 11, and 16 of the '595 Patent recites "[store/storing] said retrieved interactive television application modules." TWC's Start Over functionality does not infringe any claim of the '595 Patent at least because it does not meet this limitation.

62.     TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing the Start Over functionality included in TWC's digital television service allowing the customer to restart certain shows already in progress does not and will not infringe any claim of the '595 Patent.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '586 Patent)

63.     Paragraphs 1 through 62 are incorporated herein as set forth above.

64.     Upon information and belief, Nagravision is the current assignee of the '586 Patent.

65.     As set forth above, an actual and justiciable controversy exists between TWC and Defendants regarding infringement of claims of the '586 Patent by the functionality incorporated in TWC's Whole House DVR, which purportedly allows TWC customers to record a program on one set-top box and watch it from another set-top box on the customer's home network.

66.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's Whole House DVR which purportedly allows TWC customers to record a program on one set-top box and watch it from another set-top box on the customer's home network, does not infringe and has not infringed, directly or indirectly, any claim of the '586 Patent,

either literally or under the doctrine of equivalents.

67.     For example, Claim 1 of the '586 Patent recites "the operating centre comprises means for transmitting the authorization to the second unit to decrypt the product" and Claim 4 recites "transmitting by the operating centre the necessary data for the decryption of the product." TWC's Whole House DVR does not infringe any claim of the '586 Patent at least because it does not meet these limitations.

68.     TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's Whole House DVR, which purportedly allow TWC customers to record a program on one set-top box and watch it from another set-top box on the customer's home network, does not and will not infringe any claim of the '586 Patent.

## COUNT SIX

### (Declaratory Judgment of Non-Infringement of the '169 Patent)

69.     Paragraphs 1 through 68 are incorporated herein as set forth above.

70.     Upon information and belief, OpenTV is the current assignee of the '169 Patent.

71.     As set forth above, an actual and justiciable controversy exists between TWC and Defendants regarding infringement of claims of the '169 Patent by the functionality incorporated in TWC's On Demand functionality, that purportedly identifies the need for software updates prior to displaying On Demand content.

72.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's On Demand functionality does not infringe and has not infringed, directly or indirectly, any claim of the '169 Patent, either literally or under the doctrine of equivalents.

73.     Each of the claims of the '169 Patent recites a "prerequisite directive." In addition, Claims 1, 22, and 23 of the '169 Patent recite "prohibit[ing] [initiation/the presenting] of said presentation until said subset of resources are acquired, in response to determining the one or more directives include said prerequisite directive" and Claim 13 recites "prohibit initiation of said presentation until said subset of resources are acquired, in response to detecting said first signals."

1    TWC's On Demand functionality does not infringe any claim of the '169 Patent at least because it

2    does not meet these limitations.

3         74.    TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale,

4    and/or importation of products and services implementing or utilizing TWC's On Demand

5    functionality does not and will not infringe any claim of the '169 Patent.

6                                        **COUNT SEVEN**

7               **(Declaratory Judgment of Non-Infringement of the '139 Patent)**

8         75.    Paragraphs 1 through 74 are incorporated herein as set forth above.

9         76.    Upon information and belief, OpenTV is the current assignee of the '139 Patent.

10        77.    As set forth above, an actual and justiciable controversy exists between TWC and

11   Defendants regarding infringement of claims of the '139 Patent by the functionality incorporated in

12   TWC's purported advertisement insertion capability.

13        78.    The manufacture, use, offer for sale, sale, and/or importation of products and services

14   implementing or utilizing TWC's purported advertisement insertion capability does not infringe and

15   has not infringed, directly or indirectly, any claim of the '139 Patent, either literally or under the

16   doctrine of equivalents.

17        79.    Claims 1, 8, 14, 22, and 27 of the '139 Patent recite "timing indicia controls when the

18   address is used for retrieving online content relating to the program into the programming signal."

19   TWC's purported advertisement insertion capability does not infringe any claim of the '139 Patent at

20   least because it does not meet this limitation.

21        80.    TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale,

22   and/or importation of products and services implementing or utilizing TWC's purported

23   advertisement insertion capability does not and will not infringe any claim of the '139 Patent.

24                                       **COUNT EIGHT**

25              **(Declaratory Judgment of Non-Infringement of the '704 Patent)**

26        81.    Paragraphs 1 through 80 are incorporated herein as set forth above.

27        82.    Upon information and belief, OpenTV is the current assignee of the '704 Patent.

28        83.    As set forth above, an actual and justiciable controversy exists between TWC and

1   Defendants regarding infringement of claims of the '704 Patent by the PAUSE functionality of TWC
2   DVR set-top boxes.

3       84.   The manufacture, use, offer for sale, sale, and/or importation of DVR set-top boxes
4   and services implementing or utilizing TWC's PAUSE functionality does not infringe and has not
5   infringed, directly or indirectly, any claim of the '704 Patent, either literally or under the doctrine of
6   equivalents.

7       85.   Claims 1, 11, and 20 of the '704 Patent recite "assign[ing] a priority to the
8   [received/detected] event." TWC does not infringe any claim of the '704 Patent at least because it
9   does not meet this limitation.

10      86.   TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale,
11  and/or importation of DVR set-top boxes and services implementing or utilizing TWC's PAUSE
12  functionality does not and will not infringe any claim of the '704 Patent.

13                                    **COUNT NINE**

14                **(Declaratory Judgment of Non-Infringement of the '212 Patent)**

15      87.   Paragraphs 1 through 86 are incorporated herein as set forth above.

16      88.   Upon information and belief, OpenTV is the current assignee of the '212 Patent.

17      89.   As set forth above, an actual and justiciable controversy exists between TWC and
18  Defendants regarding infringement of claims of the '212 Patent through the purported use of
19  customer-specific information to show tailored advertisements by TWC's advertising systems.

20      90.   The manufacture, use, offer for sale, sale, and/or importation of products and services
21  implementing or utilizing TWC's advertising systems does not infringe and has not infringed,
22  directly or indirectly, any claim of the '212 Patent, either literally or under the doctrine of
23  equivalents.

24      91.   Claims 1 and 23 of the '212 Patent recite "apply one or more rules to the user
25  response to predict further user interests"; Claim 44 recites "apply one or more rules to a client
26  device user response to the selected one or more advertisements to predict further user interests."
27  TWC's advertising systems do not infringe any claim of the '212 Patent at least because they do not
28  meet the these limitations.

92.     TWC is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's advertising systems, whereby customer specific information is utilized to show tailored advertisements, does not and will not infringe any claim of the '212 Patent.

## JURY DEMAND

93.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

A.     That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's Remote DVR Manager that purportedly provides an Internet (web) interface for viewing iconic representations of recorded content does not and will not infringe any claim of the '322 Patent;

B.     That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing TWC's purported audience panel measurement functionality does not and will not infringe any claim of the '082 Patent;

C.     That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of TWC DVR set-top boxes in conjunction with digital television service, that, purportedly, upon receiving a request to record a program while already buffering that program, determine whether they have available space to store the recording, does not and will not infringe any claim of the '463 Patent;

D.     That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing the Start Over functionality included in TWC's digital television service, purportedly allowing the customer to restart certain shows already in progress, does not and will not infringe any claim of the '595 Patent;

E.     That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer

15

1  for sale, sale, and/or importation of products and services implementing or utilizing TWC's Whole

2  House DVR, which purportedly allows TWC customers to record a program on one set-top box and

3  watch it from another set-top box on the customer's home network, does not and will not infringe

4  any claim of the '586 Patent;

5     F. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer

6  for sale, sale, and/or importation of products and services implementing or utilizing TWC's On

7  Demand functionality, that purportedly identifies the need for software updates prior to displaying an

8  On Demand program, does not and will not infringe any claim of the '169 Patent;

9     G. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer

10  for sale, sale, and/or importation of products and services implementing or utilizing TWC's

11  purported advertisement insertion capability does not and will not infringe any claim of the '139

12  Patent;

13     H. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer

14  for sale, sale, and/or importation of products and services implementing or utilizing the PAUSE

15  function on TWC DVR set-top boxes, that purportedly pause playback of video content, does not

16  and will not infringe any claim of the '704 Patent;

17     I. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer

18  for sale, sale, and/or importation of products and services implementing or utilizing TWC's targeted

19  advertising systems, that purportedly use customer specific information to show tailored

20  advertisements, does not and will not infringe any claim of the '212 Patent;

21     J. That an injunction be issued enjoining Defendants and their agents, representatives,

22  attorneys, employees, and those persons in active concert or participation with them who receive

23  actual notice here from threatening or initiating infringement litigation against TWC or its

24  customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or

25  customers of TWC, or charging them either orally in writing with infringement of the Patents-in-

26  Suit;

27     K. That this case be adjudged an exceptional case under 35 U.S.C. § 285;

28     L. That TWC be awarded its attorneys' fees and costs; and

1        M.      That the Court award all other and further relief as it deems just and proper.

2

3   Dated:  May 4, 2016                         WINSTON & STRAWN LLP

4

5                                         By:   */s/ David S. Bloch*
                                               David S. Bloch
6                                              Michael L. Brody
                                               Krishnan Padmanabhan
7                                              Joshua L. Collins

8                                              Attorneys for Plaintiff
                                               TIME WARNER CABLE INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TIME WARNER CABLE INC.'S COMPLAINT FOR DECLARATORY JUDGMENT